UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KERRY SALAS DE LA MIYA,

          Petitioner,                    Case No. 1:23-cv-1235

v.                                            Honorable Paul L. Maloney

BRANCH COUNTY COURTS et al.,

          Respondents.
_____/

## OPINION

This is an action for a writ of mandamus, presumably pursuant to 28 U.S.C. § 1361, brought by an individual currently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana. The Court has granted Petitioner leave to proceed *in forma pauperis* in a separate order.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Petitioner's *pro se* filings indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Petitioner's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Petitioner's action as frivolous. The Court will also deny Petitioner's various pending motions. (ECF Nos. 1, 3, 4, and 5.)

**Discussion**

I.  **Factual Allegations**

As noted above, Petitioner is presently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana. He names the Branch County Courts, the Branch County Sheriff Department, the State of Michigan, the 14th Judicial District Court, the Calcasieu Sheriff's Department, the State of Louisiana, the Calcasieu Parish Deputy Clerk, and Deputy Clerk Ms. Romero as Respondents.

Petitioner's filings are disjointed and rambling. He has initiated this proceeding through what he titles an "emergency petition for writ of mandamus to compel [and] writ of certiorari [and] remedial [and] writ for prohibition [and] procedendo [and] writ quo warranto." (ECF No. 1.) Petitioner references needing "the DNA test [for his] daughter." (*Id.*, PageID.1.) He suggests that Branch County, Michigan, has denied "rights to [himself] and [his] family." (*Id.*) Petitioner indicates that he needs "the Department of Defense document release order from prison." (*Id.*) He argues that "they" have used the sheriff's "network" to "commit judicial war on [Petitioner's] executive position." (*Id.*) Petitioner asks that the Court order the DNA test and order the District Attorney "for final disposition regarding the felony charges they have against [him]." (*Id.*) Petitioner also references requests he has made pursuant to the Freedom of Information Act (FOIA). (*Id.*)

Throughout his documents, Petitioner refers to himself as "Exec Sec Def." He mentions seeking release from incarceration, stating that he has "demanded habeas corpus many times." (*Id.*, PageID.3.) Petitioner also appears to suggest that deputies from the Calcasieu Sheriff's Department have failed to serve process and are responsible for Petitioner's injuries because they will "not allow [him] the certificate of bonds." (*Id.*, PageID.4.) Petitioner goes on to suggest that deputies failed to conduct an adequate investigation before arresting him. (*Id.*, PageID.5.)

2

In another document, titled "complaint," Petitioner notes that he is asking for the Branch County Courts to "give [him] equal access to the courts, and also give [him] equal protection under the law." (ECF No. 2, PageID.14.) He avers that he is incarcerated "under some political reasons, putting the American security . . . interest at risk." (*Id.*) Petitioner states that as Executive Secretary of Defense, his position "is supposed to be secret but [he has] had to come out and expose [himself] from all the judicial treason taking place against [his] position within the executive staff." (*Id.*, PageID.17.)

Petitioner has also filed several motions. In his one motion seeking an order for judicial review for dismissal, Petitioner mentions that his family is "really respected in the military" and suggests that Judge Wilford D. Carter is corrupt. (ECF No. 3, PageID.27.) In his motion for an ex parte order, Petitioner states that he mailed several documents to the federal district court in Lake Charles, Louisiana, but has heard nothing back. (ECF No. 4, PageID.30.) He asks that this Court investigate whether his documents made it to the court in Lake Charles. (*Id.*, PageID.31.) Petitioner has also filed a motion seeking a change of venue. (ECF No. 5.) His motion appears to be addressed to the Calcasieu Sheriff's Office and seeks a change of venue to this Court. (*Id.*, PageID.34.)

**II.     Mandamus, Prohibition, Procedendo, and Quo Warranto**

The writ of mandamus has been abolished in district court practice. *See* Fed. R. Civ. P. 81(b). However, "[r]elief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." *Id.* Under 28 U.S.C. § 1651, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See* 28 U.S.C. § 1651. Moreover, under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See id.* § 1361.

Section 1361, by its terms, applies only to officers or employees of the United States and does not apply to state officials. *See Knox v. Unknown Party*, No. 1:18-cv-362, 2018 WL 2382002, at *2 (W.D. Mich. May 25, 2018), *aff'd sub nom. Knox v. Unknown Parties*, No. 18-1734, 2019 WL 2422799 (6th Cir. Jan. 2, 2019). Here, Petitioner seeks mandamus relief against the States of Michigan and Louisiana, as well as various state courts and sheriff's departments. Federal courts simply have no authority to issue writs of mandamus to direct state officials to conform their actions and conduct to state law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *see also Haggard v. Tennessee*, 421 F.3d 1384, 1386 (6th Cir. 1970) (noting that "federal courts have no authority to issue writs of mandamus to direct state courts or judicial officers in the performance of their duties").

A writ of prohibition "is '[a]n extraordinary writ issued by an appellate court to prevent a lower court from exceeding its jurisdiction or to prevent a nonjudicial officer or entity from exercising a power.'" *Hughes v. Martin*, No. 3:22-cv-332, 2022 WL 1598254, at *2 (M.D. Tenn. May 19, 2022) (quoting *Prohibition*, *Black's Law Dictionary* (10th ed. 2014)). This Court, however, is not an appellate court, nor does it serve as an appellate court over the various state courts and agencies Petitioner has named as Respondents. For that reason alone, the Court cannot grant Petitioner a writ of prohibition.

Moreover, "[a] writ of prohibition is a drastic and extraordinary remedy which should be granted only when the petitioner has shown his right to the writ to be clear and indisputable and that the actions of the court were a clear abuse of discretion." *In re Gadsden*, 689 F. App'x 756, 756 (4th Cir. 2017) (quoting *In re Vargas*, 723 F.2d 1461, 1468 (10th Cir. 1983)). "Because it is a drastic remedy, a writ of prohibition should only be granted when the petitioner's right to the requested relief is clear and indisputable, and there are no other adequate means of relief[.]" *Id.*

4

(internal citations omitted). Petitioner's rambling, disjointed filings simply fail to demonstrate any entitlement to a writ of prohibition.

A writ of procedendo "is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment in a pending action." *Henderson v. City of Cleveland*, No. 1:11-cv-219, 2011 WL 1496668, at *2 (N.D. Ohio Apr. 19, 2011); *see also In re Barrino*, 443 F. App'x 851, 2011 WL 3663748, at *1 (4th Cir. Aug. 22, 2011). Again, this Court does not serve as a court of superior jurisdiction over the various state courts referenced by Petitioner. Moreover, Petitioner's ramblings do not demonstrate any entitlement to a writ of procedendo.

Finally, a writ of quo warranto is a "common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." *Hughes v. Martin*, No. 3:22-cv-332, 2022 WL 1598254, at *1 (M.D. Tenn. May 19, 2022) (internal quotation marks omitted). However, "[a] private individual[, such as Petitioner,] lacks standing to institute a quo warranto proceeding." *In re Nabaya*, 693 F. App'x 197, 198 (4th Cir. 2017). For that reason alone, Petitioner has failed to demonstrate his entitlement to a writ of quo warranto.

For these reasons, the Court cannot grant Petitioner the various forms of relief he seeks. An action may be dismissed as frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because Petitioner's requests for these various writs lack arguable bases in law, his action will be dismissed with prejudice as frivolous. *See Hill v. Mastriano*, No. 22-2464, 2022 WL 16707073, at *2 (3d Cir. Nov. 4, 2022) (noting that "federal courts have no general quo warranto jurisdiction"); *Seyka v. Corrigan*, 46 F. App'x 260, 261 (6th Cir. 2002) (dismissing as meritless prisoner's request for mandamus relief in civil rights case); *Topsidis v. State*, No. 97-3283, 1997 WL 778106, at *1 (6th Cir. Dec. 11, 1997) (affirming dismissal of mandamus action challenging state conviction); *Sparks v. Doe*, No. 85-3463, 1985

5

WL 14132, at *1 (6th Cir. Dec. 13, 1985) (affirming district court's dismissal of state prisoner's mandamus action as frivolous); *In re Hess*, No. 85-3293, 1985 13545 (6th Cir. July 19, 1985) (concluding that petitioner's petition for a writ of prohibition was frivolous). Given this conclusion, the Court will also deny Petitioner's various motions for relief (ECF Nos. 1, 3, 4, and 5).[1]

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Petitioner's action will be dismissed as frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also deny Petitioner's various motions for relief. (ECF Nos. 1, 3, 4, and 5.)

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Petitioner's action properly dismissed, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:   December 8, 2023                                    /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge

---

[1] While unclear, Petitioner appears to suggest throughout his filings that he should not be incarcerated. Petitioner is advised, however, that if he seeks to challenge his current incarceration, he must do so by filing a petition for habeas corpus in the United States District Court for the Western District of Louisiana, which encompasses Calcasieu Parish. *See* 28 U.S.C. § 98(c).